OPINION
The issue to be decided in this appeal is whether the trial court erred in refusing to sentence defendant-appellant, Walter Davidson, under the provisions of Am.Sub.S.B. No. 2 (hereinafter "Senate Bill 2").
In 1993, a jury convicted appellant on one count each of rape and kidnapping. Appellant was sentenced to consecutive terms of ten to twenty-five years' imprisonment. On direct appeal, this court affirmed appellant's rape conviction but reversed his kidnapping conviction and remanded the matter for resentencing. State v. Davidson (Aug. 15, 1994), Clermont App No. CA93-10-074, unreported. On December 17, 1996, the trial court resentenced appellant to a term of ten to twenty-five years on the rape charge.
In a single assignment of error, appellant claims the trial court denied him due process and equal protection of the law and violated the constitutional prohibition against ex post facto laws by refusing to resentence him under the provisions of Senate Bill 2.
Appellant's primary argument is that because he was not "sentenced" until after the effective date of Senate Bill 2, he is entitled to a definite term of imprisonment as required by the bill. In State v. Cox (Apr. 28, 1997), Warren App. No. CA96-07-069, unreported, this court held that individuals sentenced after Senate Bill 2's July 1, 1996 effective date for criminal offenses committed before that date are not entitled to the benefit of Senate Bill 2's provisions. Furthermore, appellant's constitutional claims regarding due process, equal protection, and ex post facto laws, as well as his reliance on R.C. 1.58(B), are all without merit. Id.
The assignment of error is not well-taken and is hereby overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.